# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN D. AYALA, | CASE NO. 1:10-cv-00050-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 1) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

## I.     PROCEDURAL HISTORY

On January 11, 2010, Plaintiff Ruben D. Ayala, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 7.) Plaintiff's Complaint is now before the Court for screening.

## II.    SCREENING REQUIREMENT

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.    SUMMARY OF COMPLAINT

The Complaint alleges the following named Defendants violated Plaintiff's constitutional rights: (1) James A. Yates, Warden, Pleasant Valley State Prison ("PVSP"); (2) Matthew Cate, Director/Secretary, California Department of Corrections ("CDC"); (3) Susan Hubbard, Assistant Director/Secretary, CDC; (4) M.E. Spearman, Associate Warden, PVSP; (5) Mattingly, Assistant Warden, PVSP; and (6) Captain Walker, PVSP.

Plaintiff alleges the following:

Plaintiff entered CDC on July 20, 2005 and in his initial examination was found to be in good health and not afflicted with Valley Fever. (Compl. at 10, 11.) On December

2

8, 2008, Plaintiff was transferred to PVSP. (Id. at 11.) PVSP has been designated as hyper-endemic for Valley Fever infection and has dramatically higher rates of infection than other penal institutions. (Id. at 9.) In February 2009 Plaintiff began experiencing flu-like symptoms. (Id. at 11.) His condition worsened and he was prescribed Diflucan, which is commonly used to treat Valley Fever. (Id. at 12, 13.) Plaintiff contracted Valley Fever and the effects of the disease and treatment have ruined his health. (Id. at 19, 20.)

The Defendants were aware of the risk of contracting Valley Fever and did not act to mitigate the risk. The failure to take steps to reduce the risk of infection violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (Id. at 20, 21.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges the Defendants violated his Eighth Amendment rights by exposing him to an area endemic with Valley Fever without safeguards against infection.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff alleges that Defendants were aware that PVSP was endemic to the contraction of Valley Fever and did nothing to reduce the risk.

The courts of this district have found such claims to be insufficient. Claims based on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth

4

Amendment analysis, i.e., that the deprivation is sufficiently serious. "'[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health.'" Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)).

Plaintiff's claim that the Defendants are liable because they were aware of the risk and did not act to mitigate the likelihood of infection does not state an actionable claim. Defendants are not alleged to be responsible for the prevalence of Valley Fever at PVSP. Exposure to the disease at PVSP is not in and of itself an excessive risk to inmate health; Defendants had no duty to take steps to reduce the risk. Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP"). Thus, Counts One and Two fail to state a claim upon which relief could be granted.

Plaintiff cannot state a cognizable claim based on the fact that he was exposed to Valley Fever at PVSP. Thus, an opportunity to amend would not be fruitful. Plaintiff's claim is dismissed with prejudice.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a cognizable claim.

/////

/////

Accordingly, it is HEREBY ORDERED that:

This action be dismissed with prejudice for failure to state a claim under Section 1983.

IT IS SO ORDERED.

Dated: September 27, 2011     /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE